UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDWARD ALEXIS PICHARDO,                                    CASE NO:

      Plaintiff,

v.

PROGRESSIVE    EXPRESS
INSURANCE COMPANY.

      Defendant.

_____/

## DEFENDANT'S, PROGRESSIVE EXPRESS INSURANCE COMPANY, NOTICE OF REMOVAL

Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY (hereinafter "Defendants"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1332, § 1441, § 1446 and Local Rule 7.2, files this Notice of Removal to the United States District Court, Southern District of Florida, Miami Division, in the above-styled cause and in support thereof, states:

### I.   STATEMENT OF FACTS

1.    On or about April 30, 2021, Plaintiff, EDWARD A. PICHARDO (herein "Plaintiff"), filed a Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in the matter styled *Edward A. Pichardo v. Progressive Express Insurance Company* Case No.: 2021-010231-CA-01 (the "State Court Action"). See Complaint attached hereto as Exhibit "A".

2.    On May 25, 2021, the Plaintiff served the Chief Financial Officer of the State of Florida with process in the State Court Action. See Notice of Service of Process attached hereto as Exhibit "B".

3.      On May 26, 2021, the Chief Financial Officer sent or made available a copy of the Summons and Complaint to this Defendant in accordance with section 624.423, Florida Statutes (2020). See Exhibit "B".

4.      This case is properly removable due to diversity of citizenship between Plaintiff, EDWARD A. PICHARDO, and Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY, a Foreign Profit Corporation

5.      This Notice of Removal is being timely filed within thirty (30) days from May 26, 2021, the date upon which the Summons and Complaint were made available to this Defendant from the Chief Financial Officer upon which it was served.

6.      The District Courts of the United States have original jurisdiction of this civil action as provided in 28 U.S.C. §1332.  Under §1332, this Court has jurisdiction based upon complete diversity as follows:

      a.      Plaintiff is a citizen of the state of Florida. *See* Exhibit "A" at ¶ 2.

      b.      Defendant is a citizen of the state of Ohio. Defendant is a foreign profit corporation, organized under the laws of the state of Ohio with its principal place of business in Mayfield Village, Ohio. A copy of Defendant's corporate filings showing citizenship and its principal place of business in the state of Ohio is attached hereto as Exhibit "C".

7.      While Plaintiff's Complaint only alleges that damages that exceed the amount of $30,000, Plaintiff's former counsel has advised representatives of this Defendant that the Plaintiff has a hospital bill in excess of $800,000 as a result of the incident alleged in the Complaint. *See* Exhibit "A" at ¶ 1.

8.     Additionally, Plaintiff alleges in the Complaint that he "suffered bodily injury and resulting pain and suffering disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money," which are "either permanent or continuing." See Exhibit "A" at ¶ 5. Thus, with a hospital bill in excess of $800,000, which the Plaintiff is expressly claiming to have incurred as a result of the subject incident, as well as undetermined future amount of damages, the amount in controversy exceeds $75,000.00.

9.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders and other paper or exhibits of every kind from the State Court Action are being filed herewith. No other process, pleadings or orders, have been served upon Defendants. *See* Composite Exhibit "D".

10.     Additionally, and as a brief background of the procedural posture of this case, Plaintiff initially filed a Complaint against this Defendant on June 10, 2020. On September 10, 2020, Defendant timely removed to this Court, and the matter was litigated before the Honorable Ursula Ungaro, Case 1:20-cv-23758-UU. See Notice of Removal in Case 1:20-cv-23758-UU [D.E.1] attached hereto as Exhibit "E." On December 23, 2020, the parties filed a Stipulation of Dismissal Without Prejudice, and Judge Ungaro subsequently issued an Order of dismissal without prejudice. *See* Stipulation in Case 1:20-cv-23758-UU [D.E. 16] attached hereto as Exhibit "F" and Order of dismissal in Case 1:20-cv-23758-UU [D.E. 17] attached hereto as Exhibit "G."

## II. MEMORANDUM OF LAW

### A.     The Amount in Controversy Exceeds $75,000.

Federal law confers upon district courts original jurisdiction in civil actions between citizens of different states in controversies which exceed the sum of $75,000.00, exclusive of

interest and costs. 28 U.S.C. § 1332.  An action meeting the requirements of 28 U.S.C. § 1332 may be removed to a district court pursuant to 28 U.S.C. § 1441(b).

Where the amount in controversy is not specified in the Complaint, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010).  To establish federal diversity jurisdiction, a removing defendant may rely upon the factual representations of the plaintiff. *See Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1314-15 (11th Cir. 2002).

Plaintiff's counsel has communicated to representatives of this Defendant that the Plaintiff's hospital bill as a result of the subject incident is in excess of $800,000. Further, Plaintiff alleges that he has suffered "serious bodily injury and resulting pain and suffering disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money." See Compl. at ¶ 5. Thus, with over $800,000 incurred in hospital expenses, which the Plaintiff is expressly claiming as damages in this incident, the amount in controversy exceeds $75,000.00.

**B.      There is Complete Diversity Between the Parties.**

To determine the citizenship of a corporation for purposes of ascertaining diversity jurisdiction, the Court looks to: (1) the state of incorporation; and (2) the state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1).  The principal place of business of a corporation is its nerve center, which has been defined as "the place where a corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp v.*

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

*Friend*, 559 U.S. 77, 91-94 (2010) (establishing the "nerve center" test as a uniform approach for determining corporate citizenship).

Defendant was incorporated in Ohio and has a principal place of business in Mayfield Village, Ohio.  Defendant is therefore a citizen of Ohio. Plaintiff was domiciled and is a resident in the State of Florida, and is thus a citizen of Florida. *See* Exhibit "A" at ¶ 2. Therefore, this Notice of Removal is founded and based upon complete diversity of citizenship between the Plaintiff and Defendants, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

### III. <u>CONCLUSION</u>

There is complete diversity of citizenship and the matter in controversy exceeds $75,000.

WHEREFORE, Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY, respectfully requests this Court to assume Federal jurisdiction of this action, now pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and approve this Notice of Removal.

Respectfully submitted, this 14 day of June 2021.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this _14_ day of June, 2021, a true and correct copy of the foregoing was filed with the CM/ECF e-Filing Portal for the United States District Court for the Southern District of Florida, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Roberts, P.A., H. Clay Roberts, roberts@robertspa.com, 113 Almeria Avenue, Coral Gables, FL 33134, (305) 442-1700(305) 442-2559 (F), Attorney for Plaintiff, Edward Alexis Pichardo and Mortha D. Fornaris, Esq., mfornaris@fornaris.com, 65 Almeria Avenue, Coral Gables, 33134, 305-442-4899; 305-442-8181, Attorney for Plaintiff, Edward Alexis Pichardo.

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant PROGRESSIVE EXPRESS
INSURANCE COMPANY
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6756
Facsimile (305) 373-2294
Primary e-mail: Joe.Goldberg@csklegal.com
Secondary e-mail: samuel.basch@csklegal.com
Alternate e-mail: linn.signori@csklegal.com

By: _____
JOSEPH J. GOLDBERG
Florida Bar No.: 91107
SAMUEL E BASCH
Florida Bar No.: 1010081

Filing # 125865113 E-Filed 04/29/2021 03:24:56 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI DADE
COUNTY FLORIDA,

GENERAL JURISDICTION DIVISION

CASE NO.: 2021 - 010231 - CA 01

EDWARD A. PICHARDO,

     Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, a foreign corporation for profit,

     Defendant.

_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

     COMES NOW the Plaintiff, EDWARD A. PICHARDO, by and through his
undersigned attorneys, and sues the Defendant, PROGRESSIVE EXPRESS INSURANCE
COMPANY, a foreign corporation for profit, and alleges:

     1.    This is an action for damages in excess of $30,000.00 exclusive of interest and
costs.

     2.    The Plaintiff, EDWARD A. PICHARDO, is a resident of Miami Dade County,
Florida and sui juris.

     3.    The Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY, is a
foreign corporation for profit, authorized to and doing business in Miami Dade County, Florida.

     4.    On or about September 15, 2019 while the Plaintiff was operating a motor vehicle
southbound on S.W. 137 Avenue near its intersection with S.W. 8 Street, the operator of another
vehicle negligently operated that motor vehicle such that it forced the Plaintiff's motor vehicle to



leave the road way and strike a traffic signal support pole. The operator of the second vehicle fled the scene so that the operator and motor vehicle were unidentified.

5.      As a result, EDWARD A. PICHARDO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and said Plaintiff will suffer the losses in the future.

6.      At the time of the aforesaid motor vehicle collision, EDWARD A. PICHARDO was entitlted to coverage under a policy of uninsured motorist insurance coverage issued by the Defendant under a policy numbered 07683560-1 issued to Miami Signage LLC. A copy of the policy declarations and the uninsured motorist coverage portion of the contract are attached hereto as Exhibit "A".

7.      The Defendant has breached the aforesaid policy of insurance by refusing and failing to pay adequate benefits to the Plaintiff for his losses.

8.      The Plaintiff has fulfilled all conditions precedent to this action.

WHEREFORE, the Plaintiff, EDWARD A. PICHARDO, demands judgment for damages against the Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY, including costs and interest, and furthermore demands trial by jury of all issues so triable as of right.

Dated this 29th day of April, 2021.

                              Respectfully submitted,

                              ROBERTS, P.A.
                              *Co-Counsel for Plaintiff*
                              113 Almeria Avenue
                              Coral Gables, Fl 33134
                              Phone: 305-442-1700
                              Fax: (305)442-2559

Email: Roberts@robertspa.com

By:   /s/: H. Clay Roberts
      H. CLAY ROBERTS
      Fla. Bar No.:  262307

         - and -

      Martha D. Fornaris, Esq.
      Florida Bar No: 405116
      Fornaris Law Firm, P.A.
      *Co-Counsel for Plaintiff*
      65 Almeria Avenue
      Coral Gables, Florida 33134
      Telephone: 305-442-4899
      Fax: 305-442-8181
      Email: mfornaris@fornaris.com

TOTAL INSURANCE
12817 SW 42 ST
MIAMI, FL 33175


**PROGRESSIVE**
*COMMERCIAL*

Named Insured

MIAMI SIGNAGE LLC
12231 SW 129 COURT
MIAMI, FL 33186

Policy number:  07683560-1
Underwritten by:
Progressive Express Ins Company
July 3, 2019
Policy Period: May 30, 2019 - May 30, 2020
Page 1 of  2

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, print
policy documents, or check the status of a
claim.

## Commercial Auto
## Insurance Coverage Summary
## This is your Declarations Page
## Your coverage has changed

**1-305-220-0144**
**TOTAL INSURANCE**
Contact your agent for personalized service.

**1-800-444-4487**
For customer service if your agent is
unavailable or to report a claim.

Your coverage began on May 30, 2019 at 12:01 a.m.  This policy expires on May 30, 2020 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for an auto may not be combined with the limits for the same coverage on another auto, unless the policy contract allows the stacking of limits. The policy contract is form 6912 (08/10). The contract is modified by forms 2852FL (10/04), 1652FL (08/12), 1198 (01/04), 4852FL (10/04), 4881FL (01/13) and Z228 (01/11).

The named insured organization type is a corporation.

### Policy changes effective June 6, 2019

| | |
|---|---|
| Premium change: | $302.00 |
| Changes: | Coverage has been changed on your policy. |

The changes shown above will not be effective prior to the time the changes were requested.

### Outline of coverage

| Description | Limits | Deductible | Premium |
|---|---|---|---|
| **Liability To Others** | | | **$2,918** |
| Bodily Injury and Property Damage Liability | $1,000,000 combined single limit | | |
| Uninsured Motorist Non-Stacked | $1,000,000 combined single limit | | 609 |
| **Basic Personal Injury Protection** | | | 354 |
| With Work Comp-Named Insured & Relatives | $10,000 each person | $0 | |
| **Comprehensive** | | | 145 |
| See Auto Coverage Schedule | Limit of liability less deductible | | |
| **Collision** | | | 391 |
| See Auto Coverage Schedule | Limit of liability less deductible | | |
| **Subtotal policy premium** | | | **$4,417** |
| Fees | | | 20 |
| **Total 12 month policy premium and fees** | | | **$4,437** |

### Rated driver

1. KARLA PORTAL

Form 6489 FL (01/15)

Progressive 000250

*EXHIBIT A*

Policy number: 07683560-1
MIAMI SIGNAGE LLC
Page 2 of 2

## Auto coverage schedule

1.   **2019 RAM Ram 1500**              Stated Amount:    *$30,000 (including Permanently Attached Equip)
     VIN: 1C6RREBT9KN527131             Garaging Zip Code: 33186          Radius: 100

| Liability Premium | Liability | UM/UIM BI | PIP | | | |
|---|---|---|---|---|---|---|
| | $2,918 | $609 | $354 | | | |

| Physical Damage Premium | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | | Auto Total |
|---|---|---|---|---|---|---|
| | $1,000 | $145 | $1,000 | $391 | | $4,417 |

*A vehicle's stated amount should indicate its current retail value, including any special or permanently attached equipment. In the event of a total loss, the maximum amount payable is the lesser of the Stated Amount or Actual Cash Value, less deductible. Be sure to check stated amount at every renewal in order to receive the best value from your Progressive Commercial Auto policy.

## Premium discounts

| Policy | |
|---|---|
| 07683560-1 | Business Experience and Package |

| Vehicle | |
|---|---|
| 2019 RAM Ram 1500 | Anti-Lock Brakes and Air Bag |

## Loss Payee Information

1.   Loss Payee        Auto 1          CHRYSLER CAPITAL
                                        PO BOX 4210 CARMEL, IN 46082
                                        2019 RAM Ram 1500 (1C6RREBT9KN527131)

## Additional Insured Information

1.   Additional Insured               EMERALD CONSTRUCTIO
                                        1211 STERLING R DANIA BEACH, FL 33004

## Agent signature

## Company officers

Secretary

Form 6489 FL (01/15)

Progressive 000251

## UNINSURED MOTORIST COVERAGE ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial
Auto Policy apply.

We agree with you that the insurance provided under your Commercial Auto Policy is
modified as follows:

### INSURING AGREEMENT

Subject to the Limits of Liability, if you pay the premium for Uninsured Motorist
Coverage, we will pay for damages, other than punitive or exemplary damages, which an
insured is legally entitled to recover from the owner or operator of an uninsured auto
because of bodily injury:

1.  sustained by an insured;
2.  caused by an accident; and
3.  arising out of the ownership, maintenance, or use of an uninsured auto.

The bodily injury must be a serious injury as described in section 627.737(2) of the
Florida Motor Vehicle No-Fault Law, as amended, before we will pay for damages
consisting of pain, suffering, mental anguish, or inconvenience.

An insured must notify us in writing by certified mail at least thirty (30) days before
entering into any settlement with the owner or operator of an uninsured auto, or that
person's liability insurer.  In order to preserve our right of subrogation, we may elect to
pay any sum offered in settlement by, or on behalf of, the owner or operator of an
uninsured auto.  If we do this, you agree to assign to us all rights that you have against
the owner or operator of an uninsured auto.

### ADDITIONAL DEFINITIONS

When used in this endorsement, whether in the singular, plural, or possessive:
1.  "Insured" means:
    a.  if the named insured shown on the Declarations Page is a natural person:
        (i)    you or a relative;
        (ii)   any person occupying your insured auto or a temporary substitute auto;
               and
        (iii)  any person who is entitled to recover damages covered by this endorsement
               because of bodily injury sustained by a person described in (i) or (ii) above;
               or
    b.  if the named insured shown on the Declarations Page is a corporation,
        partnership, organization or any other entity that is not a natural person:
        (i)    any person occupying your insured auto or temporary substitute auto; and
        (ii)   any person who is entitled to recover damages covered by this endorsement
               because of bodily injury sustained by a person described in (i) above.

2. **"Non-owned auto"** means any auto that is not owned by you or furnished for your regular use and, if the named insured is a person, not owned or furnished for the regular use of the named insured's spouse or relative.

3. **"Owned"** means the person:
   a. holds legal title to the vehicle;
   b. has legal possession of the vehicle that is subject to a written security agreement with an original term of six (6) months or more; or
   c. has legal possession of the vehicle that is leased to that person under a written agreement for a continuous period of six (6) months or more.

4. **"Owner"** means the person who, with respect to a vehicle:
   a. holds legal title to the vehicle;
   b. has legal possession of the vehicle that is subject to a written security agreement with an original term of six (6) months or more; or
   c. has legal possession of the vehicle that is leased to that person under a written agreement for a continuous period of six (6) months or more.

5. **"Uninsured auto"** means an auto or trailer of any type:
   a. to which no **bodily injury** liability bond or policy applies at the time of the **accident**;
   b. to which a **bodily injury** liability bond or policy applies at the time of the **accident**, but the bonding or insuring company:
      (i)  denies coverage; or
      (ii) is or becomes insolvent;
   c. to which a **bodily injury** liability bond or policy applies at the time of the **accident**, but its limit of liability for **bodily injury** is less than the **bodily injury** damages an **insured** is legally entitled to recover; or
   d. that is a hit-and-run vehicle whose operator or **owner** cannot be identified and which causes an **accident**, with or without physical contact, resulting in **bodily injury** to an **insured**, provided that the **insured**, or someone on his or her behalf, reports the **accident** to the police or civil authority within twenty-four (24) hours or as soon as practicable after the **accident**.

An **"uninsured auto"** does not include any motorized auto or equipment:
   a. **owned** by, furnished to, or available for the regular use of **you** and, if the named insured is a natural person, a **relative**. However, this shall not apply to an **insured auto** when coverage is denied under Part I – Liability To Others of this policy because of the exclusion of **bodily injury** to **you** or a **relative**, if the **bodily injury** results from operation of the **insured auto** by a person other than **you** or a **relative**;
   b. designed mainly for use off public roads, while not on public roads;
   c. while being used as a residence or premises;
   d. shown on the **Declarations Page** of this policy. However, this shall not apply when coverage is denied under Part I – Liability To Others of this policy because of the exclusion of **bodily injury** to **you** or a **relative**, if the **bodily injury** results from operation of the **insured auto** by a person other than **you** or a **relative**; or
   e. not required to be registered as a motor vehicle.

**EXCLUSIONS** - **READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

1. Coverage under this endorsement is not provided for **bodily injury** sustained by any person while using or **occupying**:
   a. an **insured auto** without the express or implied permission of **you** or, if the named insured is a natural person, a **relative**;
   b. a **non-owned auto** without the express or implied permission of the **owner**; or
   c. an **auto** or device of any type designed to be operated on the public roads that is **owned** by, furnished to, or available for the regular use of **you** or if the named insured is a natural person, a **relative**, other than an **insured auto** or **temporary substitute auto**. However, this exclusion does not apply if **you** have elected stacked uninsured motorist coverage.
2. Coverage under this endorsement will not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar laws:
   a. workers' compensation law; or
   b. disability benefits law.

**LIMITS OF LIABILITY**

Regardless of the number of premiums paid, or the number of trailers shown on the **Declarations Page**, or the number of policies issued by **us**, or the number of vehicles or **insureds** involved in the **accident**, or the number of claims or lawsuits arising out of an **accident**, we will pay no more than the Limit of Liability shown for Uninsured Motorist Coverage on the **Declarations Page**.

If the **Declarations Page** shows that "combined single limit" or "CSL" applies, the amount shown is the most we will pay for the total of all damages resulting from any one **accident**. However, without changing this total "each accident" limit of liability, we will comply with any law that requires **us** to provide any separate limits.

If **your Declarations Page** shows a split limit:
1. the amount shown for "each person" is the most we will pay for all damages due to a **bodily injury** to one person; and
2. subject to the "each person" limit, the amount shown for "each accident" is the most we will pay for all damages due to **bodily injury** sustained by two or more persons in any one **accident**.

The "each person" limit of liability includes the total of all claims made for **bodily injury** to an **insured** and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death, if recoverable under the applicable law.

In determining the amount payable under this endorsement, the amount of damages which an **insured** is entitled to recover for **bodily injury** shall be reduced by:

1. all sums paid because of **bodily injury** by any persons or organizations that may be legally responsible;
2. all sums paid or payable under Part I – Liability To Others;
3. all sums paid or payable under any applicable Personal Injury Protection Coverage or Medical Payments Coverage; and
4. all sums paid, or payable, or should apply, because of **bodily injury** under any of the following or similar laws:
   a. workers' compensation law; or
   b. disability benefits law;
5. all sums paid or payable as personal injury protection benefits; and
6. the amount of the limits of the underinsured motorist's liability policy.

No one will be entitled to duplicate payments for the same elements of damages.

Any judgment or settlement for damages against an operator or owner of an **uninsured auto** which arises out of a lawsuit brought without **our** written consent is not binding on **us**.

## STACKED UNINSURED MOTORIST COVERAGE

If **you** have elected Stacked Uninsured Motorist Coverage, the following additional Limits of Liability shall apply:

If **you** are a natural person, the most **we** will pay for **bodily injury** to **you** or a **relative** in any one **accident** shall be the Limit of Liability shown on the **Declarations Page** multiplied by the number of **insured autos**.

If **you** are a corporation, partnership, organization, or any other entity that is not a natural person, the most **we** will pay for **bodily injury** to an **insured** in any one **accident** shall be the limit of liability shown on the **Declarations Page** that applies to the **auto** that the **insured** was occupying at the time of the **accident**.

If there is other applicable uninsured or underinsured motorist coverage of the same priority, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** Limit of Liability bears to the total of all available coverage limits of the same priority. Any insurance **we** provide shall be excess over any other uninsured or underinsured motorist coverage, except for **bodily injury** to **you** or a **relative** when occupying an **insured auto**.

## NON-STACKED UNINSURED MOTORIST COVERAGE

If **you** have elected Non-stacked Uninsured Motorist Coverage, the following additional Limits of Liability shall apply:

The Limit of Liability shown on the **Declarations Page** for coverage under this endorsement is the most we will pay regardless of the number of **insured autos**.

The Limit of Liability for Uninsured Motorist Coverage under this endorsement shall not be added to or stacked upon any uninsured or underinsured motorist coverage applying to other motor vehicles to determine the amount of coverage available to an **insured** injured in any one **accident**.

If an **insured** sustains **bodily injury** while **occupying** an auto, other than an **insured auto**, the **insured** may elect to receive excess uninsured or underinsured motorist benefits under only on policy of insurance under which the **insured** is an insured.  If the **insured** elects to receive excess uninsured or underinsured motorist benefits under a policy of insurance other than this policy, we will not pay any uninsured or underinsured motorist benefits due to **bodily injury** to the **insured**.

If an **insured** sustains **bodily injury** while not **occupying** a motor vehicle, the **insured** may elect to receive uninsured or underinsured motorist benefits under only one policy of insurance under which the **insured** is an insured.  If the **insured** elects to receive uninsured or underinsured motorist benefits under a policy of insurance other than this policy, we will not pay any uninsured or underinsured motorist benefits due to **bodily injury** to the **insured**.

## OTHER INSURANCE

Any insurance we provide shall be excess over any other uninsured or underinsured motorist coverage, except for **bodily injury** to **you** and, if the named insured is a natural person, a **relative** when **occupying** an **insured auto** or **temporary substitute auto**.

We will not pay for any damages which would duplicate any payment made for damages under other insurance.

**ALL OTHER TERMS, LIMITS AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**
Form No. 2852 FL (10/04)





*21-000245059*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

EDWARD A. PICHARDO,

PLAINTIFF(S)

VS.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, A FOREIGN PROFIT CORPORATION
FOR PROFIT

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, EXHIBIT

| | |
|---|---|
| CASE #: | 2021-010231-CA-01 |
| COURT: | CIRCUIT COURT |
| COUNTY: | MIAMI-DADE |
| DFS-SOP #: | 21-000245059 |

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the
State of Florida. Said process was received in my office by PROCESS SERVER on Tuesday, May 25,
2021 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, May 26, 2021 to the
designated agent for the named entity as shown below.

      PROGRESSIVE EXPRESS INSURANCE COMPANY
      DONNA MOCH
      1200 SOUTH PINE ISLAND ROAD
      PLANTATION, FL 33324

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible
for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court
pursuant to Florida Rules of Civil Procedure, Rule #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

H. CLAY ROBERTS
113 ALMERIA AVENUE
CORAL GABLES, FL 33134

CA1



**2020 FOREIGN PROFIT CORPORATION ANNUAL REPORT**

DOCUMENT# F10000004043

**Entity Name:** PROGRESSIVE EXPRESS INSURANCE COMPANY

**FILED**
**Jun 08, 2020**
**Secretary of State**
**4267860555CC**

**Current Principal Place of Business:**

6300 WILSON MILLS ROAD
MAYFIELD VILLAGE, OH 44143

**Current Mailing Address:**

6300 WILSON MILLS ROAD
MAYFIELD VILLAGE, OH 44143 US

**FEI Number: 59-3213719**

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

CHIEF FINANCIAL OFFICER
200 E GAINES ST
TALLAHASSEE, FL 32399 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

_____

Electronic Signature of Registered Agent                                                    Date

**Officer/Director Detail :**

| | | | |
|---|---|---|---|
| Title | PRESIDENT, DIRECTOR | Title | DIRECTOR |
| Name | POLITZI, VICTOR | Name | BEMER, PATRICIA O. |
| Address | 6300 WILSON MILLS ROAD | Address | 6300 WILSON MILLS ROAD |
| City-State-Zip: | MAYFIELD VILLAGE OH 44143 | City-State-Zip: | MAYFIELD VILLAGE OH 44143 |
| | | | |
| Title | TREASURER, DIRECTOR | Title | DIRECTOR |
| Name | BAILO, KAREN B | Name | HISEK, JEANETTE L. |
| Address | 6300 WILSON MILLS ROAD | Address | 6300 WILSON MILLS ROAD |
| City-State-Zip: | MAYFIELD VILLAGE OH 44143 | City-State-Zip: | MAYFIELD VILLAGE OH 44143 |
| | | | |
| Title | DIRECTOR | Title | ASSISTANT SECRETARY |
| Name | MILLER, MICHAEL J. | Name | ROSE, MARGARET A. |
| Address | 6300 WILSON MILLS ROAD | Address | 6300 WILSON MILLS ROAD |
| City-State-Zip: | MAYFIELD VILLAGE OH 44143 | City-State-Zip: | MAYFIELD VILLAGE OH 44143 |
| | | | |
| Title | SECRETARY | | |
| Name | CORWIN, PATRICIA M | | |
| Address | 6300 WILSON MILLS ROAD | | |
| City-State-Zip: | MAYFIELD VILLAGE OH 44143 | | |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: MARGARET A ROSE                                    ASSISTANT SECRETARY      06/08/2020

Electronic Signature of Signing Officer/Director Detail                                                    Date



EXHIBIT

C

Filing # 128607351 E-Filed 06/11/2021 03:31:28 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

EDWARD A. PICHARDO,

CASE NO.: 2021-010231-CA-01

     Plaintiff,

v.

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

     Defendant.

_____/

## DEFENDANT'S, PROGRESSIVE EXPRESS INSURANCE COMPANY, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, AND DEMAND FOR JURY TRIAL

     COMES NOW Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY, (hereinafter "Defendant"), by and through its undersigned counsel, and hereby files this Answer and Affirmative Defenses to Plaintiff's, EDWARD ALEXIS PICHARDO, Complaint, and Demand for Jury Trial, and in support thereof, states as follows:

     1.    It is admitted that Plaintiff has claimed damages in excess of this Court's jurisdictional threshold, however, it is denied that Plaintiff is entitled to this sum, let alone, any sum.

     2.    Without knowledge, therefore denied.

     3.    Admitted for jurisdictional purposes only.

     4.    Denied.

     5.    Denied.

     6.    Admitted.

EXHIBIT
D

7.    Denied.

8.    Without knowledge, therefore denied.

## ANSWER AND AFFIRMATIVE DEFENSES

1.    Defendant is entitled to a credit and/or setoff for any and all collateral sources or other sources of setoff, including settlement funds received from any entity in the past and/or future as it relates to the subject incident or accident; therefore, the Plaintiffs' claims are limited and/or reduced by said credits and/or setoffs.

2.    Defendant alleges that the injuries and damages complained of were caused by the sole negligence of the Plaintiff, hereby barring the Plaintiff from any recovery herein.

3.    Defendant alleges that, at the time of the subject incident, the Plaintiff was negligent, and such negligence on Plaintiff's part was a competent producing cause of the injuries and damages which are claimed; and the Plaintiff's awards, if any, should be proportionately based on the Doctrine of Comparative Negligence in relation to the Plaintiff's contribution to the injuries and damages sustained.

4.    Defendant asserts that pursuant to *Fabre v. Martin*, 623 So. 2d 1182 (Fla. 1993); *Allied-Signal, Inc. v. Fox*, 623 So. 2nd 1180 (Fla. 1993); *Messmer v. Teacher's Insurance Company*, 588 So. 2d 610 (Fla. 5th DCA 1991), any damages awarded to the Plaintiff are subject to apportionment by the jury of the total fault of all participants which may be responsible for damages claimed by Plaintiff. If evidence in this case supports the Plaintiff's claims against said Fabre Defendants, Defendant requests that the Court include said *Fabre* Defendants on the verdict form regardless of whether they are parties

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

to this cause of action at the time of trial. In addition, Defendant reserves the right to identify other potential third-party tortfeasors pursuant to the doctrine of *Nash v. Wells Fargo*, 678 So. 2d 1262 (1996).

5.      Plaintiff assumed the risk of injury and, accordingly, Plaintiff's claims are barred. The Plaintiff clearly knew of the presence of the hazard and risk, realized and appreciated these hazards and risks and, having a reasonable opportunity to avoid the exposure to hazard and risk, nonetheless elected to voluntarily and willingly proceed to expose himself to these hazards and risks inherent even with this knowledge.

6.      Plaintiff failed to mitigate his damages and, accordingly, the recovery of the Plaintiff, if any, should be reduced by the amount by which the Plaintiff could have lessened his claims, injuries, or damages.

7.      Any injury or damage to the Plaintiff was the result of pre-existing medical and/or psychiatric conditions, and the unforeseeable, unpredictable, and/or unavoidable sequel thereto.

8.      The Defendant affirmatively alleges that the Plaintiff had available certain personal injury protection benefits and other collateral sources to cover damages sought pursuant to Florida Automobile Reparations Reform Act and the Plaintiff is precluded from recovering those elements of damage which were paid or are payable by applicable or required personal injury protection benefits and any and all other collateral sources.

9.      The Plaintiff was comparatively negligent by failing to do or doing one or more of the following:

a)      failing to follow or obey all applicable traffic regulations;

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

b)      failing to take any and all evasive measures or actions to avoid injury;

c)      failing to properly wear a seatbelt; and

d)      using a cell phone while driving.

11.     The vehicle that Plaintiff was riding in when the accident occurred was equipped with an available and fully operational seatbelt that Plaintiff did not use under circumstances where a reasonably careful person would have used the seat belt, and Plaintiff's failure to use the seatbelt produced or substantially contributed to producing the damages sustained by Plaintiff. Therefore, the percentage of Plaintiff's total damages that were caused by his failure to use the seatbelt must be reduced from any recovery. *See INA v. Pasakarnis*, 451 So. 2d 447 (Fla. 1984).

12.     To the extent that the Plaintiff was under the influence of alcohol drugs, or both, to the extent that his normal faculties were impaired at the time of the subject incident, pursuant of Section 768.36 of the Florida Statute, and as a result of such influence, he was over 50% liable for his own injuries, then the Plaintiff is barred from recovering damages.

13.     Plaintiff failed to provide Defendant with notice to the police or the carrier regarding the existence of a phantom vehicle, and as such this Defendant is entitled to a presumption of prejudice as a matter of law for Plaintiff's failure to timely report the alleged existence of a phantom driver.

14.     Defendant is entitled to a setoff for any award and/or benefits that the Plaintiff has received by way of personal injury protection benefits, workers compensation

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

benefits, disability benefits, any other automobile medical expense coverage, any other automobile liability insurance coverage.

15.     To the extent that the Plaintiff is entitled to an award of damages, which this Defendant expressly denies, the Plaintiff's damages, including any claim for an award of attorney's fees and costs, are limited to the limits set forth in the policy of insurance.

16.     Plaintiff did not sustain a permanent injury as a result of the subject accident, and as such, the Plaintiff's claim is barred as a matter of law.

Defendant reserves the right to amend its affirmative defenses as discovery proceeds and information supporting an affirmative defense becomes known.

## **DEMAND FOR JURY TRIAL**

Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY, hereby demands trial by jury of all issues by right so triable.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this ⎪⎪ day of June, 2021, a true and correct copy of the foregoing was filed with the Clerk of Miami-Dade County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:    Roberts, P.A., H. Clay Roberts, roberts@robertspa.com, 113 Almeria Avenue, Coral Gables, FL 33134, (305) 442-1700(305) 442-2559 (F), Attorney for Plaintiff, Edward Alexis Pichardo and Mortha D. Fornaris, Esq., mfornaris@fornaris.com, 65 Almeria Avenue, Coral Gables, 33134, 305-442-4899; 305-442-8181, Attorney for Plaintiff, Edward Alexis Pichardo.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

CASE NO.:  2021-010231-CA-01

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant PROGRESSIVE
EXPRESS INSURANCE COMPANY
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6756
Facsimile (305) 373-2294
Primary e-mail: Joe.Goldberg@csklegal.com
Secondary e-mail: samuel.basch@csklegal.com
Alternate e-mail:  linn.signori@csklegal.com

By:   s/ Samuel E Basch
      JOSEPH J. GOLDBERG
      Florida Bar No.:  91107
      SAMUEL E BASCH
      Florida Bar No.:  1010081

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDWARD ALEXIS PICHARDO,                                CASE NO:

     Plaintiff,

v.

PROGRESSIVE   EXPRESS
INSURANCE COMPANY.

     Defendant.

_____/

## DEFENDANT'S, PROGRESSIVE EXPRESS INSURANCE COMPANY, NOTICE OF REMOVAL

Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY (hereinafter "Defendants"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1332, § 1441, § 1446 and Local Rule 7.2, files this Notice of Removal to the United States District Court, Southern District of Florida, Miami Division, in the above-styled cause and in support thereof, states:

### I.   STATEMENT OF FACTS

1.     On or about June 10, 2020, Plaintiff, EDWARD ALEXIS PICHARDO (herein "Plaintiff"), filed a Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in the matter styled *Edward Alexis Pichardo v. Progressive Express Insurance Company* Case No.: 2020-012330-CA-01 (the "State Court Action"). See Complaint attached hereto as Exhibit "A".

2.     On August 5, 2020, the Plaintiff served the Chief Financial Officer of the State of Florida with process in the State Court Action. See Summons attached hereto as Exhibit "B".



3.      On August 18, 2020, the Chief Financial Officer sent or made available a copy of the Summons and Complaint to this Defendant in accordance with section 624.423, Florida Statutes (2020). See Service of Process Transmittal attached hereto as Exhibit "C".

4.      This case is properly removable due to diversity of citizenship between Plaintiff, EDWARD ALEXIS PICHARDO, and Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY, a Foreign Profit Corporation

5.      This Notice of Removal is being timely filed within thirty (30) days from August 18, 2020, the date upon which the Summons and Complaint were made available to this Defendant from the Chief Financial Officer upon which it was served.

6.      The District Courts of the United States have original jurisdiction of this civil action as provided in 28 U.S.C. §1332.  Under §1332, this Court has jurisdiction based upon complete diversity as follows:

        a.      Plaintiff is a citizen of the state of Florida. See Exhibit "A" at ¶ 3.

        b.      Defendant is a citizen of the state of Ohio. Defendant is a foreign profit corporation, organized under the laws of the state of Ohio with its principal place of business in Mayfield Village, Ohio. A copy of Defendant's corporate filings showing citizenship and its principal place of business in the state of Ohio is attached hereto as Exhibit "D".

7.      While Plaintiff's Complaint only alleges damages that exceed the amount of $30,000, Plaintiff's counsel has advised representatives of this Defendant that the Plaintiff has a hospital bill in excess of $800,000 as a result of the incident alleged in the Complaint. See Exhibit "A" at ¶ 1.

8.     Additionally, Plaintiff alleges in the Complaint that he "suffered serious bodily injury and resulting pain and suffering disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money," which are "either permanent or continuing." See Exhibit "A" at ¶ 8. Thus, with a hospital bill in excess of $800,000, which the Plaintiff is expressly claiming as a result of the subject incident, as well as undetermined future amount of damages, the amount in controversy exceeds $75,000.00.

9.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders and other paper or exhibits of every kind from the State Court Action are being filed herewith. No other process, pleadings or orders, have been served upon Defendants. See Composite Exhibit "E".

## II. MEMORANDUM OF LAW

### A.     The Amount in Controversy Exceeds $75,000.

Federal law confers upon district courts original jurisdiction in civil actions between citizens of different states in controversies which exceed the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. An action meeting the requirements of 28 U.S.C. § 1332 may be removed to a district court pursuant to 28 U.S.C. § 1441(b).

Where the amount in controversy is not specified in the Complaint, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). To establish federal diversity jurisdiction, a removing defendant may rely upon the factual representations of the plaintiff. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314-15 (11th Cir. 2002).

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Plaintiff's counsel has communicated to representatives of this Defendant that the Plaintiff's hospital bill as a result of the subject incident is in excess of $800,000. Further, Plaintiff alleges that he has suffered "serious bodily injury and resulting pain and suffering disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money." See Compl. at ¶ 8. Thus, with over $800,000 incurred in hospital expenses, which the Plaintiff is expressly claiming as damages in this incident, the amount in controversy exceeds $75,000.00.

**B.      There is Complete Diversity Between the Parties.**

To determine the citizenship of a corporation for purposes of ascertaining diversity jurisdiction, the Court looks to: (1) the state of incorporation; and (2) the state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business of a corporation is its nerve center, which has been defined as "the place where a corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 91-94 (2010) (establishing the "nerve center" test as a uniform approach for determining corporate citizenship).

Defendant was incorporated in Ohio and has a principal place of business in Mayfield Village, Ohio. Defendant is therefore a citizen of Ohio. Plaintiff was domiciled and is a resident in the State of Florida, and is thus a citizen of Florida. *See* Exhibit "A" at ¶ 2. Therefore, this Notice of Removal is founded and based upon complete diversity of citizenship between the Plaintiff and Defendants, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

### III. CONCLUSION

There is complete diversity of citizenship and the matter in controversy exceeds $75,000.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

WHEREFORE, Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY, respectfully requests this Court to assume Federal jurisdiction of this action, now pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and approve this Notice of Removal.

Respectfully submitted, this 10th day of September 2020.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2284 FAX

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this $|0$ day of September, 2020, a true and correct copy of the foregoing was filed with the CM/ECF e-Filing Portal for the United States District Court for the Southern District of Florida, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Hoss Hernandez, Esq., hosshernandezpa@gmail.com; Lisandra@hosshernandez.com; pleadings@hosshernandez.com, 3250 N.W. 7th Street, Miami, FL 33125, (305) 859-2222/(305) 858-6097 (F), Attorney for Plaintiff, Edward Alexis Pichardo and Howard K. Pita, Esq., Pita, Weber & Del Prado, spita@pwdlawfirm.com; pquijada@pwdlawfirm.com, 9350 South Dixie Highway, Suite 1200, Miami, FL 33156, (305) 670-2889/(305) 670-6666 (F), Attorney for Plaintiff, Edward Alexis Pichardo.

> COLE, SCOTT & KISSANE, P.A.
> Counsel for Defendant PROGRESSIVE EXPRESS
> INSURANCE COMPANY
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (786) 268-6756
> Facsimile (305) 373-2294
> Primary e-mail: Joe.Goldberg@csklegal.com
> Secondary e-mail: samuel.basch@csklegal.com
> Alternate e-mail: linn.signori@csklegal.com
>
> By: _____
> JOSEPH J. GOLDBERG
> Florida Bar No.: 91107
> SAMUEL E BASCH
> Florida Bar No.: 1010081

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:20-23758-CV-UNGARGO

EDWARD A. PICHARDO
    Plaintiff,

v.

PROGRESSIVE EXPRESS INS. CO.,

    Defendant,

_____/

## STIPULATION OF DISMISSAL WITHOUT PREJUDICE

Under Rule 41, the parties stipulate to the voluntary dismissal of this action without prejudice.[1]

Dated this 23rd day of December 2020.

By: /s/ H. K. Skip Pita
    H. K. Skip Pita, Esq.
    Florida Bar No: 0101974
    PITA WEBER DEL PRADO
    9350 S. Dixie Highway, Suite 1200
    Miami, FL 33156
    Tel: (305) 670-2889
    spita@pwdlawfirm.com
    lalvarez@pwdlawfirm.com

    *Counsel for Plaintiff*

By: /s/ Samuel E. Basch
    Joseph J. Goldberg, Esq.
    Florida Bar No.: 91107
    Samuel E. Basch, Esq.
    Florida Bar No. 1010081
    COLE, SCOTT & KISSANE, P.A.
    9150 S. Dadeland B;vd., Suite 1400
    Miami, Florida 33256
    Tel: (786) 268-6756
    Joe.Goldberg@csklegal.com
    Samuel.Basch@csklegal.com

    *Counsel for Defendant*

---

[1] Plaintiff counsel, Skip Pita, verifies that he has obtained Mr. Basch's consent to execute his signature electronically. Plaintiff counsel further verifies receipt of Plaintiff Pichardo's written authorization to file this stipulation.



By:  /s/ Hoss Hernandez
     HOSS HERNANDEZ, P.A.
     Florida Bar No: 852716
     4551 Ponce De Leon Blvd.
     Coral Gables, FL  33146
     Tel: (305) 859-2222
     hosshernandezpa@gmail.com
     pleadings@hosshernandez.com

*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing was served by email on **December 23, 2020** all counsel or parties of record on the Service List Below, and that it was also electronically filed with the Clerk of the Court using CM/ECF.

| | |
|---|---|
| HOSS HERNANDEZ, P.A. | PITA WEBER DEL PRADO |
| Co-Counsel for Plaintiff | Attorneys for Plaintiff |
| 4551 Ponce De Leon Blvd. | 9350 S. Dixie Hwy., Ste. 1200 |
| Coral Gables, FL  33146 | Miami, FL  33156 |
| Tel:  (305) 859-2222 | Tel:  (305) 670-2889 |
| Fax:  (305) 858-6097 | Fax:  (305) 670-6666 |
| Primary email: | Primary email: spita@pwdlawfirm.com |
| pleadings@hosshernandez.com | Secondary email: |
| | lalvarez@pwdlawfirm.com |
| | |
| | By:  /s/ H. K. Skip Pita |
| |     H. K. Skip Pita |
| |     FBN  0101974 |

PITA WEBER DEL PRADO

2

## SERVICE LIST

### CASE NO. 1:20-CV-22561-UU

**Joseph J. Goldberg, Esq.**
**Samuel E. Basch, Esq.**
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Blvd., Suite 1400
P O BOX 569015
Miami, FL  33256
Tel:  (786) 268-6756
Fax:  (305) 373-2294
Emails:  joe.goldberg@csklegal.com;
Samuel.basch@csklegal.com;
Linn.signori@csklegal.com

Counsel for Defendant, Progressive Express
Insurance Company

PITA WEBER DEL PRADO

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23758-UU

EDWARD A. PICHARDO,

     Plaintiff,

v.

PROGRESSIVE EXPRESS
INSURANCE CO.

     Defendant.

_____/

### ORDER

THIS CAUSE comes before the Court upon the parties' Stipulation of Dismissal Without Prejudice (the "Stipulation").  D.E. 16.  The Court having considered the Stipulation and the pertinent portions of the record and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the Stipulation is approved, and this case is hereby DISMISSED WITHOUT PREJUDICE.  It is further

ORDERED AND ADJUDGED that the Clerk of Court SHALL administratively close this case.  All future hearings and deadlines are CANCELLED, and all pending motions are DENIED AS MOOT

DONE AND ORDERED in Chambers, Miami, Florida, this 28th_ day of December, 2020.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished:
All counsel of record

